**UNITED STATES of America**

v.

**Michael McCLEAN, Defendant.**

**No. CR 93–003.**

United States District Court, E.D. New York.

June 1, 1993.

---

Zachary W. Carter U.S. Atty. by Mark Lerner, Brooklyn, NY, for the Government.

Douglas Morris, Legal Aid Soc., Brooklyn, NY, for defendant.

## SENTENCING MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Upon his arrival at Kennedy Airport from Cameroon, defendant Michael McClean was carrying 857 grams of heroin. He pled guilty to one count charging that he smuggled in excess of 100 grams of heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A).

McClean is a Nigerian citizen with no financial assets. He is 33 years old. He has a wife and four children between the ages of two and eight living in Nigeria. He was employed as a sales clerk and indicates that he can resume this work when he returns to his country.

At the age of eight polio severely crippled his left leg. He requires crutches. The Bureau of Prisons has refused to provide him with the metal crutches he is accustomed to walking with, on the ground that they might constitute weapons more dangerous than wooden aids. Other prisoners in fact have attempted to seize his crutches to use in fights. Because of his disability, he has difficulty using the bathroom and cannot collect his food without the help of fellow inmates.

Ordinarily a violation of 21 U.S.C. § 952(a) involving more than 100 grams of heroin carries a statutorily mandated sentence of at least five years in prison without regard to the Guidelines. 21 U.S.C. § 960(b)(2)(A). The United States Attorney's Office, however, exercises its discretion in plea bargaining in this and some other low-level narcotics cases by offering the defendant the opportunity to plead to the next-lowest penalty provision in the statute from the one applicable to the actual quantity of drugs. Such an offer was made and accepted in this case, leading to amendment of the indictment to charge a violation of 21 U.S.C. § 960(b)(3). No statutory minimum applies under this provision.

The exercise of the United States Attorney's discretion in this case is wise and commendable. Even a somewhat uneven exercise of discretion is preferable to automatic charging under statutes requiring long terms of imprisonment for low-level transporters. Prosecutors can use their freedom in charging as a way of ameliorating the sometimes unjust effects of mandatory minimum sentences as applied to particular defendants. No factual basis is required to support imposition of a sentence based upon reduced charges as it would be for a governmental waiving of a statutory minimum sentence for reasons of cooperation pursuant to 18 U.S.C. § 3553(e).

The Guidelines range for defendant's offense, accounting for his minimal role and his acceptance of responsibility, is 46 to 57 months. A departure downward is required on the grounds of this defendant's poor health and vulnerability. *See United States v. Gonzalez*, 945 F.2d 525, 526–57 (2d Cir. 1991) (vulnerability to physical abuse); *United States v. Joyner*, 924 F.2d 454, 461 n. 3 (2d Cir.1991) (physical condition may be relevant "on rare occasion"); *see also* Guidelines § 5H1.4 (policy statement) ("extraordinary physical impairment" may be a reason to impose a sentence below the Guidelines range). In view of the apparent reluctance of the warden to adequately address his disability problems, defendant will suffer more than the average inmate. He is also vulnerable to being taken advantage of by other inmates.

Defendant is sentenced to 33 months in prison, five years supervised release and a $50 assessment.

SO ORDERED.